

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
      FILED
    MAR 10 1997
NANCY DOHERTY, CLERK
By_____
       Deputy
```

GTE SOUTHWEST INCORPORATED,
ET AL.,

    Plaintiffs,

v.                                                    No. 3:97-CV-0441-T

ASIA PACIFIC
TELECOMMUNICATIONS, INC.,

    Defendant.

ENTERED ON DOCKET
3-11-97 PURSUANT
TO F. R. C. P. RULES
58 AND 79a

### ORDER OF REMAND

Plaintiffs originally filed this action in state court. Defendant removed on the basis of federal question and supplemental jurisdiction. After reviewing the state court petition and the notice of removal, the Court is of the opinion that it lacks subject matter jurisdiction and that the case should be remanded to state court pursuant to 28 U.S.C. § 1441(c).

Plaintiffs' petition states that they bring suit to recover damages for Defendant's breach of a marketing services contract and for declaratory judgment as to the validity of Plaintiffs' termination of that contract. The only reference to federal law in Plaintiffs' petition is a single sentence requesting a declaration that their termination of the contract was not a violation of 42 U.S.C. §§ 1981 and 1985. The Court concludes that this claim for

declaratory judgment is insufficient to support federal question jurisdiction, and thus removal, for two reasons.

First, Plaintiffs' petition states no connection of any kind between the two federal statutes and the facts of the case. The Court cannot, on the face of the petition, determine whether these statutes even apply to Plaintiffs' suit. Whether a plaintiff's claims arise under federal law must be determined from the face of the state court pleadings. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983). *See also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113, 116-18 (1936) (federal law must be a direct element of the plaintiff's claim to support federal question jurisdiction).

The Court concludes that Plaintiffs' request for declaratory judgment without explanation as to how the statutes relate to the case runs afoul of the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-393 (1987).[1] It is well settled that a district court has the power to dismiss a case for lack of subject matter jurisdiction on the basis of the complaint alone. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The Court thus determines that it lacks subject matter jurisdiction.

---

[1] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392-393.

The second reason the Court is without jurisdiction is that the request for declaratory judgment appears only to anticipate a federal defense to the breach of contract action. Plaintiffs ask the court to declare that they violated neither 42 U.S.C. § 1981 or § 1985 when they terminated the contract with Defendant, so presumably Plaintiffs are concerned that Defendant will raise a defense based on one or both of these statutes. It is well settled that a federal defense is insufficient to support federal question jurisdiction on removal. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-42 (1989). This is true even if the defense is anticipated in the complaint. *Caterpillar*, 482 U.S. at 393. Thus, the Court concludes that a request for negative declaratory judgment which, in effect, merely anticipates a federal defense is also insufficient to confer subject matter jurisdiction. Having concluded that this Court is without subject matter jurisdiction to hear this action, it is remanded to the 160th Judicial District Court of Dallas County.

It is therefore **ORDERED** that this cause is remanded to the 160th Judicial District Court of Dallas County.

Signed this 10th day of March, 1997.

Robert B. Maloney
U.S. District Judge